### In re MERTON R.

Supreme Judicial Court of Maine.

Argued June 16, 1988.
Decided Aug. 19, 1988.

Michael J. Welch (orally), Berman, Simmons & Goldberg, Lewiston, for appellant.

Christine Foster (orally), Asst. Atty. Gen., Department of Human Services, Portland, for appellee.

Ernest Manderson, Desmond, Cooper, Manderson & Millet, Westbrook, Guardian Ad Litem.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

CLIFFORD, Justice.

Beatrice M., the natural mother of Merton R., appeals from a judgment of the District Court, Portland, terminating her parental rights.[1] She contends on appeal that the District Court's findings that she was unable to protect Merton R. from jeopardy and unable to take responsibility for him within a time reasonably calculated to meet his needs are not supported by clear and convincing evidence.

22 M.R.S.A. § 4055(1)(B)(2) (Supp.1987) provides in pertinent part that the nonconsensual termination of parental rights may be ordered if:

(2) The court finds, based on clear and convincing evidence, that:

(a) Termination is in the best interest of the child; and

(b) Either:

(i) The parent is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs; [or]

(ii) The parent has been unwilling or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs....

 A court's finding that these criteria are met by clear and convincing evidence shall not be set aside on appeal unless the factfinder could not reasonably have been persuaded that the required factual findings were proved to be highly probable. *In re John Joseph V.*, 500 A.2d 628, 629 (Me.1985). We conclude, as Beatrice apparently concedes, that the record could rationally be read to support to a high probability the District Court's finding that termination would be in Merton's best interest.[2]

We further conclude that the record supports the finding on the second prong of the statute's two-pronged test for termination of parental rights, i.e., that it is highly probable that Beatrice is unable to protect her son from jeopardy. *See* 22 M.R.S.A. § 4055(1)(B)(2)(b)(i). Jeopardy includes not only the threat of serious physical injury, a threat not evident here, but also "serious mental or emotional injury or impairment...." 22 M.R.S.A. § 4002(10)(B). There is ample evidence that Beatrice was unable to protect Merton from serious emotional injury or impairment and that this circumstance was unlikely to change within a time reasonably calculated to meet his needs. *See* section 4055(1)(B)(2)(b)(i).

---

1. In 1981, the parental rights of Beatrice M., the mother, and the parental rights of the legal and putative fathers of Merton R. were terminated by the District Court. On appeal to this court, we vacated the District Court judgment of termination as it pertained to the mother, because the District Court finding, made under statutory language different than the statute involved in this appeal, that she had *refused* to take responsibility for the child and that her circumstances were unlikely to change in a reasonable time was not supported in the record. *In re Merton R.*, 466 A.2d 1268, 1270 (Me.1983). The termination of the mother's parental rights, the subject of the instant appeal, was initiated by a new petition to terminate filed by the Department of Human Services in 1987 and based on the current statute.

2. The District Court's termination order stated that:

It is clear ... that Merton is finally reaching a stage where he has attained some semblance of normal childhood life, something which appears to have eluded him to this point. This stability, and the behavior which accompanies it, is in direct contrast to the evidence before this Court of consistent insubordinate conduct toward his mother by Merton when he is with her. It is, to this Court, beyond comprehension that there will be any restoration of normalcy for Merton if he should be returned to the custody of his mother.

Merton was fourteen years old[3] at the time of the termination hearing and has been in the custody of the Department of Human Services since he was about two years of age. He suffers from serious emotional and physical problems, including an attention deficit disorder, learning disabilities, stunted growth, cleft palate and harelip. His behavioral difficulties require continuous monitoring and an elaborate program providing incentives and disincentives for certain kinds of conduct. Merton's psychologist testified that day-to-day dealings between Merton and his mother would be stressful and difficult for both, citing Merton's extraordinary need for attention, supervision and structure. The mother's inability to provide that kind of intensive care is apparent from a review of the record.

Because the record supports the District Court's findings that termination was in Merton's best interest and that Beatrice was unable to protect her son from jeopardy, we need not address the additional finding that she was unable to take responsibility for her son. *See* section 4055(1)(B)(2).

The entry is:

Judgment affirmed.

All concurring.

---

3. 22 M.R.S.A. § 4055(3) precludes the court from ordering termination if the child is 14 years old or older and objects to the termination. Merton did not object to the termination of Beatrice M.'s parental rights.