## In re MARCUS D.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 13, 1990.
Decided Dec. 12, 1990.

Jane Andrews, Lewiston, for appellant.

Margaret H. Semple, Geoffrey Goodwin, Asst. Attys. Gen., Dept. of Human Services, Augusta, for appellee.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

COLLINS, Justice.

The biological father of Marcus D. appeals from the judgment of the District Court (Lewiston, *Beliveau, J.*) terminating his parental rights pursuant to 22 M.R.S.A. § 4055(1)(B)(2) (Supp.1990). The sole issue on appeal is the sufficiency of the evidence to support the District Court's order. We affirm the judgment.

 On appeal, the District Court's ruling must be sustained if it "could reasonably have been persuaded that the required factual findings [were] proved to be *highly probable"*. *In re John Joseph V.*, 500 A.2d 628, 629 (Me.1985) (quoting *Taylor v. Commissioners of Mental Health & Mental Retardation*, 481 A.2d 139, 153 (Me.1984)) (emphasis in original). The court determined that due to, among other things, the father's repeated criminal activity culminating in his then current incarceration for armed robbery, his emotional and substance abuse problems that required extensive treatment into the future and his demonstrated lack of interest for Marcus during the years preceding his current prison time, it was highly probable that the father was unable to protect his son from jeopardy within a time reasonable calculated to meet Marcus's needs. The court found further that Marcus was severely abused emotionally and physically before entering foster care at the age of 2, was beginning to heal and develop normally in his foster home, and it was in his best interests to secure his stability by terminating the rights of his birth parents. After a careful review, we conclude that the District Court had sufficient evidence from which it could rationally have found that the statutory requirements for termination of parental rights were satisfied clearly and convincingly. *See In re Merton R.*, 545 A.2d 650, 651–52 (Me.1988).

The entry is:

Judgment affirmed.

All concurring.